IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KASHWERE, LLC, et al. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 5018 |
| | ) |
| KASHWERE USAJPN, et al. | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Flat Be Co. Ltd.'s (FBC) and Sirius Corporation's (Sirius) motion to dismiss and motion in the alternative for judgment on the pleadings on Count VII of the counterclaim filed by Plaintiff TMG Kreations, LLC (TMG) and Plaintiff Kashwere, LLC (Kashwere). For the reasons stated below, the motion to dismiss and the motion for judgment on the pleadings are denied.

BACKGROUND

TMG is allegedly the sole member of Kashwere. In 2010, Kashwere allegedly entered into a licensing agreement (Licensing Agreement) with Kashwere Comforts, L.P. (Comforts) regarding the use of certain trademarks owed by Kashwere. Comforts allegedly subsequently assigned its rights in the Licensing Agreement to

1

Defendant Kashwere USAJPN, LLC (USAJPN). Defendant Peter Seltzer (Seltzer) is allegedly one of the two members of USAJPN. Plaintiffs brought the instant action against USAJPN and Seltzer. On July 2, 2012, Plaintiffs filed an amended complaint that includes a claim seeking a declaration that the Licensing Agreement has terminated as a result of material breaches by USAJPN (Count I), a claim seeking a declaration that the Licensing Agreement is terminable at will and has been effectively terminated by Kashwere (Count II), a recession and restitution claim (Count III), a claim seeking injunctive relief relating to the Licensing Agreement (Count IV), breach of contract claims (Count V), and a claim seeking injunctive relief relating to a non-compete agreement (Count VI). On July 12, 2012, Defendants filed an answer to the amended complaint and a counterclaim was filed by USAJPN, FBC, Sirius, and Seltzer against TMG, Kashwere, Cedric Reingold, and Merri Gleckler. On September 11, 2012, Plaintiffs responded with a counterclaim against FBC and Sirius, which included a tortious interference with prospective economic advantage (TIPEA) claim in Count VII. FBC and Sirius (collectively referred to as "FBC Parties"), now move to dismiss the TIPEA claim in Count VII and move in the alternative for judgment on the pleadings on Count VII.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most

favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

A party is permitted under Federal Rule of Civil Procedure 12(c) (Rule 12(c)) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The courts apply the Rule 12(b)(6)) motion to dismiss standard when ruling on Rule 12(c) motions. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004); *Northern Indiana*, 163 F.3d at 452. Thus, to defeat a motion for judgment on the pleadings, "[a] complaint

3

must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(noting that "the old formula-that the complaint must not be dismissed unless it is beyond doubt without merit-was discarded by the *Bell Atlantic* decision")).

In ruling on a motion for judgment on the pleadings, the court must "accept as true all well-pleaded allegations," *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana*, 163 F.3d at 452 (quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995)). The main difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is that a Rule 12(b)(6) motion may be filed before the answer to the complaint is filed, whereas a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* at 452 n. 3 (citing Fed. R. Civ. P. 12(c)).

## DISCUSSION

FBC Parties argue that Plaintiffs have failed to allege sufficient facts to state a valid TIPEA claim and argue in the alternative that Plaintiffs are collaterally estopped from bringing such a claim.

I.  Sufficiency of Allegations

FBC Parties contend that Plaintiffs have not alleged facts that would suggest that FBC Parties tortiously interfered with a prospective economic advantage.  For a TIPEA claim brought under Illinois law, a plaintiff must establish: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *Adelman-Reyes v. Saint Xavier University*, 500 F.3d 662, 667 (7th Cir. 2007)(internal quotations omitted)(quoting *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1299 (Ill. 1996))

FBC Parties argue that it can prevail based upon the affirmative defense of the privilege to engage in business and compete.  A defendant facing a TIPEA claim can raise the privilege to engage in business and compete as an affirmative defense, which permits "one to divert business from one's competitors generally as well as from one's particular competitors provided one's intent is, at least in part, to further one's business and is not solely motivated by spite or ill will." *Soderlund Bros., Inc. v. Carrier Corp.*, 663 N.E.2d 1, 8 (Ill. App. Ct. 1995).  FBC Parties contend that Plaintiffs failed to allege facts suggesting that FBC Parties acted with the requisite malice.  FBC parties argue that Plaintiffs base the TIPEA claim upon FBC Parties' filing an action against TMG and its customers in California federal court (California Action).  FBC Parties contend that they had a First Amendment right to petition a court of law for relief under the law, and that such a filing alone be deemed

5

malicious or support a TIPEA claim. (Reply 2). Although FBC Parties have a right to seek appropriate relief in a court of law, they do not have a right to purposefully misuse litigation to intimidate others. Such conduct, if true, could establish the type of malice required for a TIPEA claim. FBC Parties also argue that such conduct would be more applicable to a malicious prosecution claim. While that is true, nothing would prohibit such conduct from also forming the basis of the type of malicious conduct that could support a TIPEA claim as well. FBC Parties have a privilege to engage in business and compete, which would encompass only legitimate legal actions taken in the course of such activities. Plaintiffs allege that FBC Parties attempted to interfere with TMG's prospective business and intimidate TMG's customers by naming them as defendants in the California Action. (CC Par. 136). FBC Parties attempt to present arguments justifying their decision to name TMG's customers in the California Action, but at this juncture and for the purposes of the instant motion, FBC Parties cannot contest the facts as set forth in the amended complaint. Plaintiffs have also alleged additional conduct by FBC Parties other than the mere filing of the California Action. (CC Par. 132, 136). Plaintiffs have alleged sufficient facts, that, if accepted as true at this juncture, plausibly suggest that FBC Parties would be liable under the TIPEA claim.

II. Collateral Estoppel

FBC Parties also argue that under the doctrine of collateral estoppel, Plaintiffs are barred from bringing the TIPEA claims. Pursuant to the doctrine of collateral

estoppel, a prior court ruling has a collateral estoppel effect if: (1) "the issue sought to be precluded" was "the same as that involved in the prior litigation," (2) "the issue" was "actually litigated," (3) "the determination of the issue" was "essential to the final judgment," and (4) "the party against whom estoppel is invoked" was "fully represented in the prior action." *Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007)(internal quotations omitted)(quoting *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994)). FBC Parties contend that Plaintiffs are bound by facts admitted in a stipulation (Stipulation) entered into in the California Action that became part of a court judgment in that action. However, as Plaintiffs correctly point out, they were not signatories on the Stipulation. The Stipulation, which FBC Parties have attached as Exhibit C to their motion, is signed by representatives of FBC, USAJPN, and Dott Corporation. (FBC Ex. C). The Stipulation does not reflect signatures of Kashwere or TMG. In addition, the record reflects that the judge in the California Action specifically indicated that the Stipulation was entered by the judge "with the understanding that the recitations in the stipulation are not binding on any party who is not a party to the stipulation." (P Ex. D); *see also General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)(stating that a court can "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment"). Therefore, FBC Parties have not shown that the TIPEA claim is barred under the doctrine of collateral estoppel. Based on the above, FBC Parties' motion to dismiss and motion for judgment on the pleadings are denied.

7

## CONCLUSION

Based on the foregoing analysis, FBC Parties' motion to dismiss and motion for judgment on the pleadings are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   September 26, 2013